IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHELSEA RENAE WALBURN,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 23-3171-JWL

**A. BRANDT, and**
**SALINE COUNTY JAIL,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On July 14, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until August 14, 2023, to show good cause why her Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff was also granted until August 14, 2023, in which to file an amended complaint to cure the deficiencies. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's claims and the Court's screening standards are set forth in detail in the MOSC. In summary, Plaintiff claims harassment and inmate brutality at the SCJ. Plaintiff names as defendants: A. Brandt, Correctional Officer; and the SCJ. As her request for relief, Plaintiff states "for emotional distress, defamation of character I am not looking for relief of anything myself I am standing & fighting for everything & everyone before me during my stay & the ones that will come after me." (Doc. 1, at 7.)

The Court found in the MOSC that Plaintiff makes numerous allegations about experiences of other inmates and claims on behalf of the inmate population in general. It is well-

settled that a § 1983 claim must be based on the violation of Plaintiff's personal rights and not the rights of someone else. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted). To the extent Plaintiff raises claims on behalf of others, a review of the allegations contained in her Complaint indicates she lacks standing to do so. To have standing, a prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir. 1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90.

The Court also found that the SCJ is not a proper defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989).

The Court stated in the MOSC that Plaintiff must allege in an amended complaint a "sufficiently serious" deprivation or facts showing she is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff must also allege "deliberate indifference" by a named defendant. The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992).

The type of limited, nonphysical conduct alleged by Plaintiff, while inappropriate and unprofessional, is not objectively serious enough to give rise to an Eighth Amendment violation.

The Court also found that negligence and defamation are state law claims and do not supply grounds for a constitutional cause of action. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why her Complaint should not be dismissed for the reasons set forth in the MOSC. The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim." (Doc. 4, at 11.)

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 21, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**